```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

ACEVEDO-CONCEPCION, *et al*,

    **Plaintiffs**

        v.

IRIZARRY-MENDEZ, *et al*,

    **Defendants.**

CIVIL NO. 09-2133 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

The Court's prior decision granted in part Defendants' Motion to Dismiss, and dismissed Plaintiffs' claims of political discrimination, conspiracy, as well as their supplemental state-law claims. The only issue remaining in this case is Plaintiffs' procedural due process claim for their dismissal – specifically, stemming from the Commonwealth of Puerto Rico's failure to "follow the procedures contemplated by Act 7 in dismissing Plaintiffs." (Docket No. 26, p. 12). Now before the Court is Defendants' second Motion to Dismiss, this time seeking dismissal on abstention grounds pursuant to <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976). For the reasons that follow, this motion is **DENIED**.

## ANALYSIS[1]

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction and resolve matters properly before them. Colorado River, 424 U.S. at 817. There are exceptions to this rule, and departure from it is allowed under "exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). One of these exceptions, established by the Supreme Court in Colorado River, allows a federal court to decline the exercise of jurisdiction upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)).

To determine whether abstention is proper, the Court must assess whether this case presents exceptional circumstances that "tip a scale heavily weighted in favor of the exercise of federal jurisdiction." Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 115 (1st Cir. 2012). Over the years, federal caselaw has amassed a series of factors that help a district court make this determination. To wit:

---

[1] The Court refers the reader to the Opinion and Order at Docket No. 26 for a summary of the relevant facts.

   1. whether either court has assumed jurisdiction over a res;
   2. the geographical inconvenience of the federal forum;
   3. the desirability of avoiding piecemeal litigation;
   4. the order in which the forums obtained jurisdiction;
   5. whether state or federal law controls;
   6. the adequacy of the state forum to protect the parties' interests;
   7. the vexatious or contrived nature of the federal claim;
   8. respect for the principles underlying removal jurisdiction.

Nazario-Lugo, 670 F.3d at 115. This list is not exhaustive, and no single factor is determinative.

The decision "to yield jurisdiction under the Colorado River doctrine must rest on the clearest of justifications displayed by exceptional circumstances." Id. (citing Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25 (1983); Colorado River, 424 U.S. at 818-19). The Court will now examine whether Defendants' arguments tip the scale convincingly in the direction of abstention.

The Court will streamline this analysis by noting that factors 1, 2, 6 and 8 are relatively inconsequential to our analysis. First, neither court here has assumed jurisdiction over a *res*. Second, both forums are equally convenient in geographical terms. Third (sixth factor), there is no reason to believe the state forum is inadequate to protect the parties' interests. In any event, this factor –if analyzed thoroughly- could only weigh against Defendants' motion. See United States v. Fairway Capital Corp., 483 F.3d 34, 43 (1st Cir. 2007)

(holding that the adequacy of the state forum is relevant only when it would disfavor abstention). Fourth (eighth factor), since this case is not before the Court on a removal petition, nor does it seem that the principles underlying removal jurisdiction are injured, the eighth factor is also inconclusive.

Third Factor: Avoiding Piecemeal Litigation

There is a parallel case in the local courts involving the same parties and substantially the same allegations as this case. For that reason, Defendants argue that this Court should abstain under Colorado River; otherwise, contend Defendants, "this court could be exercising jurisdiction over matters that may later operate as *res judicata* and/or collateral estoppel by judgment barring claims that were or could have been litigated in the state case." (Docket No. 30, citing Boateng v. Interamerican Univ., Inc., 210 F.3d 56, 62 (1st Cir. 2000)). This argument flies in the face of controlling precedent.

The First Circuit has clarified that in assessing this factor, courts should not focus on the "risk of inexpediency," Nazario-Lugo, 670 F.3d at 119, or the "routine inefficiency that is the inevitable result of parallel proceedings." Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 29 (1st Cir. 2010). Similarly immaterial is the fact that both forums could end up deciding

**CIVIL NO.** 09-2133 (JAG)                                                                 5

the same issue. KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 10-11 (1st Cir. 2003). Instead, the Court must center its analysis "on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other." Id. (internal quotation marks and citations omitted).

There is no such exceptional basis for dismissal present here. The parallel cases filed by Plaintiffs, though duplicative, do not pose more than the "risk of inexpediency" nor the "routine inefficiency" of parallel proceedings. Cf. Jimenez, 597 F.3d 18 (holding that fragmented and inconsistent litigation, as opposed to mere duplicative litigation, weighs in favor of abstention) (citing Sto Corp. v. Lancaster Homes, Inc., 11 Fed.Appx. 182, 188 (4th Cir. 2001); Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc., 48 F.3d 294, 298 (8th Cir. 1995); Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1373 (9th Cir. 1991), overruled on other grounds, Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998)). As such, this factor weighs against abstention.

Fourth Factor: Order in which Jurisdiction Was Obtained

According to Defendants, the local case was filed three days before the one in this Court. Furthermore, the state court

has entered judgment on some of Plaintiffs' claims in that case. The Court finds that Defendants have not shown enough to make the scale tip in favor of abstention on this factor.

The question posed by this factor is, contrary to what common sense would indicate, not settled by looking at which complaint was filed first. Rather, the Court must look at the relative progress of each case in their respective fora. See Moses H. Cone, 460 U.S. at 21. Defendants point to the fact that the state court has dismissed some of Plaintiffs' claims. (See Docket No. 32-1). But so has this Court. (See e.g. Docket No. 26). Furthermore, glossing over the state court opinion, it is clear that Plaintiffs' federal due process claim has not been adjudicated. (Id.). Thus, there is no stark difference in progress made between the state and federal suits. This factor thus weighs against abstention.

Fifth Factor: Whether State or Federal Law Controls

Defendants ask this Court to abstain in spite of the fact that the sole matter remaining in this case is a federal due process claim. We need not state more: this factor clearly weighs against abstention.

Seventh Factor: Vexatious or Contrived Nature of the Federal Claim

Defendants argue that Plaintiffs' "insistence in pursuing [this case]" speaks to the vexatious nature of Plaintiffs' federal suit, and that this argument does not require "extensive elaboration." (Docket No. 30, p. 12). Not so; there is nothing on the record that would establish that Plaintiffs' reason for suing in federal court is contrived or vexatious. Plaintiffs have a valid federal claim, (see Docket No. 26), and they are entitled to bring it in federal court. Accordingly, this factor weighs against abstention.

## CONCLUSION

Defendants have not shown any sound basis upon which this Court could surrender its "unflagging obligation" to exercise federal jurisdiction. For the reasons stated above, Defendants' Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of October, 2012.

                                          S/ Jay A. Garcia-Gregory
                                            JAY A. GARCIA-GREGORY
                                         United States District Judge